## In The Interest of G.S., A Minor

*Peter C. Povanda, assistant district attorney,* for the Commonwealth.

*Robert A. Mazzoni,* for the minor.

PENETAR, *J.*, November 8, 1985—G.S., a minor, was involved in a motor vehicle accident on February 23, 1985 in Moosic Borough, Lackawanna County, Pa. A blood-alcohol test was performed which indicated a reading of .14 percent.

Juvenile proceedings were instituted by Patrolman James Holland of Moosic and a petition was filed in the Juvenile Division of the Court of Common Pleas of Lackawanna County charging the mi-

nor with the offense of driving under the influence of alcohol, a violation of section 3731 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §3731. The petition was filed on March 1, 1985.

The juvenile, G. S., through his counsel moved to dismiss the said juvenile petition on the grounds that it is in violation of Rule 130 (b) and (d) of the Pennsylvania Rules of Criminal Procedure.

The issue before the court is whether Rule 130, requiring the complaint to be filed within five days of the release of defendant where an arrest was made without a warrant, applies to juvenile proceedings.

Rule 130, in part, provides as follows:

"(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

"(d) When a defendant is released pursuant to paragraph (b). . . .a complaint shall be filed against the defendant within five days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued, and the case shall proceed as provided in Rule 110."

It is undisputed in this case that the proceedings were filed in excess of five days.

The parties here do not dispute the fact that if the proceedings are commenced in excess of five days that it is mandatory, under Rule 130, that the charges be dismissed citing several Pennsylvania Superior Court cases: Commonwealth of Pa. v. Andrew Revtai, filed April 26, 1985; and Commonwealth of Va. v. Press, filed April 26, 1985. Those cases do not involve juvenile proceedings.

The Commonwealth in the present case submits that Rule 130 of the Pennsylvania Rules of Criminal Procedure does not apply to juvenile proceedings since the application of the rule to juvenile proceedings is neither specifically provided for within the rule, nor has it been adopted by local rules of procedure in accordance with Rule 1 of the Pennsylvania Rules of Criminal Procedure.

Rule 1 (a) of the Rules of Criminal Procedure of Pennsylvania reads as follows:

"These rules shall govern criminal proceedings in all courts including courts not of record. Unless otherwise specifically provided, these rules shall not apply to juvenile or domestic relations proceedings."

Rule 1 (b) states:

"Each of the courts exercising criminal jurisdiction may adopt local rules of procedure in accordance with Rule 6."

The court finds that Rule 130 of the Pennsylvania Rules of Criminal Procedure has not been specifically provided for within said rule nor has it been adopted by local rules of procedure in accordance with Rule 6 of the Pennsylvania Rules of Criminal Procedure.

The court further finds that the arrest and release of the juvenile to his parents brought the powers of the juvenile court into play under juvenile court law. The intent of the Juvenile Act is to separate children from criminal processes.

Any delay in this case, under the Juvenile Act, was reasonable and not prejudicial to the rights of the juvenile. The objectives of the Juvenile Act should not be lost to mere speed since the entire concept and purpose of the act would be thwarted if Rule 130 were to be applied to a juvenile.

The filing of a petition under the Juvenile Act is not the only manner of commencing a proceeding

in Juvenile Court. Once the juvenile is released to the custody of his parents, he may be brought before the court at a time to be designated. 42 Pa.C.S. §6321-6322.

## ORDER

Now this November 25, 1985, the motion to dismiss filed by defendant G.S., a minor, is hereby denied.